**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CHINA NATURAL GAS, INC.,<br><br>    Debtor. | Chapter 7<br><br>Case No. 13-10419 (SHL)<br><br>Pending in the United States Bankruptcy Court for the Southern District of New York |
| ALAN NISSELSON, as Chapter 7 Trustee of the Estate of China Natural Gas, Inc., and HAITHAM J. KOUSA, ROBERT MALLANO, and RICK STEINMETZ, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>QINAN JI, ZHIQIANG WANG, LAWRENCE W. LEIGHTON, FRANK WAUNG, YANG XIANG DONG, and CHINA NATURAL GAS, INC.,<br><br>    Defendants. | Adv. Proc. No. _____ |

## NOTICE OF REMOVAL[1]

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027, Plaintiff Alan Nisselson (the "Trustee"), in his capacity as Chapter 7 trustee of the bankruptcy estate of China Natural Gas, Inc. ("CHNG" or the "Debtor"), together with Plaintiffs Haitham J. Kousa, Robert Mallano and Rick Steinmetz (the "Stockholder Plaintiffs"), hereby file this Notice of Removal, which removes that certain action pending in the Court of Chancery of the State of Delaware, captioned *Kousa v. Ji*, C.A. No.

---

[1] By separate motion to be filed with this Court, the Trustee and Stockholder Plaintiffs (as defined herein) will move to transfer this adversary proceeding to the United States Bankruptcy Court for the Southern District of New York, where the Chapter 7 case of the estate of China Natural Gas, Inc. is currently pending.

7559-VCL (the "Chancery Action"), to the United States District Court for the District of Delaware. The Amended Standing Order of Reference of the United States District Court for the District of Delaware dated February 29, 2012 (the "Standing Order of Reference") further provides for reference of this proceeding to the Bankruptcy Court.

As grounds for removal, the Trustee and Stockholder Plaintiffs respectfully state as follows:

## PROCEDURAL HISTORY AND BACKGROUND

**A.   Background**

1. CHNG is a Delaware corporation whose operations were conducted through subsidiaries located in the People's Republic of China.

2. CHNG became a U.S. public company through a reverse merger in 2005 and its shares began trading on the NASDAQ Global Select Market ("NASDAQ") in June 2009.

3. In November 2011, NASDAQ notified CHNG that it had determined to exercise its discretionary authority under NASDAQ Listing Rule 5101 to delist CHNG's securities. The delisting later became effective in April 2012.

**B.   The Chancery Action**

4. In May 2012, the Stockholder Plaintiffs filed the Chancery Action, asserting both direct and derivative fiduciary duty claims.

5. The Chancery Action arose from acts and omissions by CHNG's then-Chairman and CEO, Qinan Ji ("Ji"), and CHNG's board of directors (the "Board"), that harmed CHNG, caused CHNG's publicly-traded shares to lose most of their value, and caused NASDAQ to delist CHNG's securities. These acts and omissions included (1) Ji causing CHNG to engage in undisclosed related-party loans that funneled millions of dollars of CHNG funds to Ji's relatives and affiliates (the "Related Party Loans"), and (2) after disclosure of the Related Party Loans, the

Board's retention of Ji as Chairman and installation of a long-time CHNG employee and Ji associate, Shuwen Kang, as CEO.

6. In August 2012, Defendants moved to stay the Chancery Action, which the Court of Chancery granted as to certain claims and denied as to other claims in a ruling from the bench following oral argument in October 2012. In July 2013, following the commencement of the Debtor's above-captioned bankruptcy case (the "Bankruptcy Case"), the parties, with the approval of the Court, agreed to stay further proceedings pending developments in the Bankruptcy Case. As of the date of this Notice, the Chancery Action remains stayed as to all claims.

7. Upon commencement of the Bankruptcy Case, the stockholder derivative claims asserted in the Chancery Action became assets of the CHNG bankruptcy estate, and accordingly the Trustee has acquired standing to directly pursue such claims, and the Stockholder Plaintiffs lost standing to do so. *See In re RNI Wind Down Corp.*, 348 B.R. 286, 292 (Bankr. D. Del. 2006) ("Upon the filing of a bankruptcy petition, however, any claims for injury to the debtor from actionable wrongs committed by the debtor's officers and director become property of the estate under 11 U.S.C. § 541 and the right to bring a derivative action asserting such claims vests exclusively to the trustee."). The Stockholder Plaintiffs, however, retain the right to assert the direct claims pled in the Chancery Action.

**C.    The Bankruptcy Case**

8. The Bankruptcy Case was commenced in February 2013 as an involuntary Chapter 11 case. On July 9, 2013, an Order for Relief under Chapter 11 was entered. [Bankr. Case No. 13-10419 D.I. 38.]

9. In June 2014, the United States Trustee moved to have the case converted to Chapter 7, on the grounds that the Debtor had "failed to find a purchaser for its assets and has

- 3 -

failed to file a plan" and "[m]ore fundamentally," had "failed to adequately disclose its assets and liabilities to the Court." [Bankr. Case No. 13-10419 D.I. 140, at 1.]

10.  On July 3, 2014, the Trustee was appointed as trustee for the estate of the Debtor. [Bankr. Case No. 13-10419 D.I. 147.]

11.  On December 9, 2014, the undersigned counsel, Wohl & Fruchter LLP, was appointed as special counsel to the Trustee for the purpose of prosecuting the Trustee's claims in the Chancery Action. [Bankr. Case No. 13-10419 D.I. 173.]

**PROCEDURE**

12.  The procedures for removal of the Chancery Action to this Court are set forth by 28 U.S.C. § 1452, Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Standing Order of Reference, which provides that any or all cases under Title 11 of the United States Code (the "Bankruptcy Code") and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges for this District.

13.  Pursuant to Bankruptcy Rule 9027(a)(2), this Notice of Removal is timely because it has been filed before entry of any order terminating the automatic stay provided by 11 U.S.C. § 362.

14.  As required by Bankruptcy Rule 9027(b), written notice of the filing of this Notice of Removal is being served on all parties of interest, and a copy of this Notice is being filed this day with the Register in Chancery in the Chancery Action.

15.  As provided by Bankruptcy Rule 9027(a)(1), a copy of the docket from the Chancery Action is attached as Exhibit 1. Further, copies of all process and pleadings filed in the Chancery Action are attached hereto as Exhibits 2-11.

16. Nothing in this Notice shall be interpreted as a waiver or relinquishment of the Trustee's or the Stockholder Plaintiffs' right to assert any defense or affirmative matter.

## JURISDICTION

17. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 1452, which provide that the District Court has original jurisdiction over all matters "arising under," "arising in" or "related to" cases under the Bankruptcy Code. The Standing Order of Reference further provides for reference to the Bankruptcy Court.

18. Section 1452 of Title 28 of the United States Code provides, in part, that a party may remove any claim or cause of action in a civil action to the district court if such district court has jurisdiction pursuant to 28 U.S.C. § 1334. In turn, 28 U.S.C. § 1334(b) provides, in pertinent part, that a bankruptcy court's jurisdiction extends to those civil proceedings that "arise under," "arise in" or are "related to" a case filed under the Bankruptcy Code. Accordingly, as the claims asserted in the Chancery Action "arise under," "arise in" and/or are "related to" the Bankruptcy Case, as further articulated below, they are properly before this Court.

19. In this Circuit, a proceeding meets the jurisdictional threshold of 28 U.S.C. § 1334 if the outcome of that proceeding could "conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis omitted), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 124-25 (1995). "[U]nder the *Pacor* 'conceivable effect' test, 'related-to' jurisdiction exists if the outcome of [a] proceeding could conceivably have any effect on the estate being administered in bankruptcy. This includes a proceeding whose outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *In re Longview Power, LLC*, 516 B.R. 282, 290 (Bankr. D. Del. 2014) (citations and quotation marks omitted).

20. Here, the derivative claims constitute property of the Debtor's estate, and the Trustee is pursuing such claims to obtain a recovery for the Debtor's estate and for the benefit of creditors.

21. With respect to the Stockholder Plaintiffs' claims, such claims may have an effect on the Debtor's estate because those claims may be subject to indemnification by the Debtor, *see* CHNG By-Laws § 9.4, excerpt attached as Exhibit 12, and further may be entitled to payment of defense costs and indemnification from its Management Liability and Company Reimbursement Insurance Policy (the "Policy"), an asset of the estate. *See* Ex. 13, Excerpt of Policy, at 1, § I(A).

22. Adjudication of whether a particular claim is a derivative claim belonging to the Trustee or a direct claim belonging to the Stockholder Plaintiffs is a core issue for the Bankruptcy Court. *See In re Touch Am. Holdings, Inc.*, 401 B.R. 107, 117 (Bankr. D. Del. 2009).

23. Based upon the foregoing, this Court has jurisdiction over the claims in the Chancery Action pursuant to 28 U.S.C. §§ 1334 and 1452.

## CORE AND NON-CORE PROCEEDINGS

24. The claims asserted in the Chancery Action are either core proceedings within the meaning of 28 U.S.C. § 157(b)(2) or non-core proceedings that are "related to" the Bankruptcy Case within the meaning of 28 U.S.C. § 157(c)(1).

## FINAL ORDERS

25. The Trustee and Stockholder Plaintiffs consent to the entry of final orders and/or judgments by the Bankruptcy Court, subject to the right to seek a withdrawal of the reference to the Bankruptcy Court based upon a pending jury trial demand.

## **VENUE**

26. Although the Bankruptcy Case is pending in the Southern District of New York, 28 U.S.C. § 1452 and Bankruptcy Rule 9027(a)(1) explicitly require removal to the federal district in which the removed action was pending. Accordingly, venue for the removed Chancery Action is properly in the District of Delaware. *See* 28 U.S.C. § 1452 (authorizing removal "to the district court for the district where such civil action is pending"); Fed. R. Bankr. P. 9027(a)(1) ("A notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending."); *In re Hakim*, 212 B.R. 632, 639 (Bankr. N.D. Cal. 1997) (finding that removal of civil litigation directly to other district was improper and ineffective). *See also Caperton v. A.T. Massey Coal Co.*, 251 B.R. 322, 325 (S.D.W. Va. 2000) ("Indeed, the entire process of removal for bankruptcy actions can be confusing when the state action is not pending in the district where the bankruptcy action is ongoing. . . . Nevertheless, . . . it is clear that removal must be made to the federal district court located in the division where the state court sits").

27. By separate motion to be filed with this Court, the Trustee and Stockholder Plaintiffs will move to transfer this action to the United States Bankruptcy Court for the Southern District of New York, where the Debtor's Chapter 7 case is currently pending.

| | |
|---|---|
| Dated:  April 8, 2015 | **MONTGOMERY, MCCRAKEN,**<br>**WALKER & RHOADS, LLP** |
| OF COUNSEL: | |
| | /s/ Mark A. Fink |
| Ethan D. Wohl | Sidney S. Liebesman (Del. Bar No. 3702) |
| **WOHL & FRUCHTER LLP** | Mark A. Fink (Del. Bar No. 3946) |
| 570 Lexington Avenue, 16th Floor | 1105 N. Market Street, Suite 1500 |
| New York, NY 10022 | Wilmington, DE 19801-1201 |
| Telephone: (212) 758-4000 | Telephone: (302) 504-7800 |
| Facsimile:  (212) 758-4004 | Facsimile:  (302) 504-7820 |
| *Attorneys for the Trustee and the Stockholder Plaintiffs* | *Attorneys for the Trustee and the Stockholder Plaintiffs* |

Michael Goldberg
Louis Boyarsky
Elizabeth Gonsiorowski
**GLANCY BINKOW & GOLDBERG LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile:  (310) 432-1495

*Attorneys for the Stockholder Plaintiffs*

Francis A. Bottini, Jr.
Albert Y. Chang
BOTTINI & BOTTINI, INC.
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone:  (858) 914-2001
Facsimile:  (858) 914-2002

*Attorneys for the Stockholder Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on April 8, 2015 he caused the foregoing document to be served on the parties set forth below by overnight delivery.

>
> */s/ Mark A. Fink*
> Mark A. Fink

Barry M. Klayman
Cozen O'Connor
1201 North Market Street, Suite 1001
Wilmington, DE  19801
Telephone (302) 295-2035
Facsimile (215) 701-2209
bklayman@cozen.com

*Attorneys for Defendant Yang Xian Dong*

Theodore A. Kittila
Greenhill Law Group, LLC
1000 N. West Street, Suite 1200
Wilmington, DE  19801
Telephone  (302) 414-0510 x700
Facsimile  (302) 595-9346
ted@greenhilllaw.com

*Attorneys for Defendants Lawrence W. Leighton and Frank Waung*