# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>CHINA NATURAL GAS, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 13-10419 (SHL)<br><br>Pending in the United States Bankruptcy Court for the Southern District of New York |
| ALAN NISSELSON, as Chapter 7 Trustee of the Estate of China Natural Gas, Inc., and HAITHAM J. KOUSA, ROBERT MALLANO and RICK STEINMETZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>QINAN JI, ZHIQIANG WANG, LAWRENCE W. LEIGHTON, FRANK WAUNG, YANG XIANG DONG, and CHINA NATURAL GAS, INC.,<br><br>Defendants. | C.A. No. 15-00299-RGA |

## ORDER AND FINAL JUDGMENT

**WHEREAS,** the Stipulation of Settlement dated January 28, 2016 (the "Settlement Agreement" or the "Stipulation") was entered into by and through the respective counsel for (1) plaintiff Alan Nisselson as Chapter 7 Trustee of the Estate of China Natural Gas, Inc. ("Trustee"), (2) plaintiffs Haitham J. Kousa ("Kousa"), Robert Mallano ("Mallano"), and Rick Steinmetz ("Steinmetz") (collectively, "Plaintiffs"), on behalf of themselves and the Class, (3) Lawrence W. Leighton ("Leighton"), Frank Waung ("Waung"), and Yang Xiang Dong (also known as Donald Yang) ("Yang") (collectively the "Defendants"), providing for the settlement and release of all Released Claims and Released Defendants' Claims, which include Unknown

1

Claims, on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

**WHEREAS**, unless otherwise defined in this Order and Final Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation and its exhibits;

**WHEREAS**, in the Amended Order Granting Preliminary Approval of Settlement, Authorizing Notice, and Scheduling Hearing dated February 9, 2016 [ECF No. 14], this Court (1) preliminarily approved the Settlement; (2) preliminarily certified the Action as a class action for settlement purposes; (3) ordered that notice of the proposed Settlement be provided to potential Class Members; (4) provided Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (5) scheduled a hearing regarding final approval of the Settlement;

**WHEREAS**, due and adequate notice has been given to the Class;

**WHEREAS**, the Court conducted a hearing on June 2, 2016 (the "Settlement Hearing") to consider, among other things, (1) whether the terms and conditions of the Settlement are fair, reasonable, and adequate and should therefore be approved; (2) whether a judgment should be entered dismissing the Action with prejudice; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among Class Members; and (4) whether and in what amount to award Plaintiffs' Counsel's and Plaintiffs' fees and reimbursement of expenses;

**WHEREAS**, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held in connection with the Settlement, and the record in the Action, and with good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Order and Final Judgment incorporates by reference the definitions of terms defined in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation and its exhibits.

2. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including, but not limited to, Plaintiffs, all Class Members (including any Class Members who did not file a proper and timely request for exclusion), and the Defendants.

3. Plaintiffs Kousa, Mallano, and Steinmetz are hereby appointed, for settlement purposes only, as "Class Representatives" in respect of the Class for purposes of Federal Rule of Civil Procedure 23. Wohl & Fruchter LLP, one of the law firms serving as Plaintiffs' Counsel, is hereby appointed, for settlement purposes only, as Class Counsel pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

4. Pursuant to the Order for Preliminary Approval of Settlement, Notice, and Hearing, the Court certified, for settlement purposes only, a Class consisting of:

> All China Natural Gas, Inc. stockholders and their successors in interest and transferees, immediate and remote, on April 30, 2012, inclusive. Excluded from the Settlement Class are Defendants, Qinan Ji, and Zhiqiang Wang and any of their immediate family members. Also excluded from the Settlement Class are those Persons who submit a valid request to be excluded from the Settlement Class in accordance with the requirements set forth in the Notice.

5. The Class that this Court preliminarily certified in the Order for Preliminary Approval of Settlement, Notice, and Hearing is hereby finally certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(3).

6. The persons listed on Exhibit A, annexed hereto, have submitted requests for exclusion from the Class that were accepted by the Court. By virtue of such requests, those persons are deemed not to be members of the Class, and have no rights to participate in the Settlement or to receive any distributions from the Net Settlement Amount. Except for those persons listed on Exhibit A, no other persons have submitted requests for exclusion from the Class that were accepted by the Court. The persons listed on Exhibit A are the only persons

whose requests for exclusion have been accepted, and, as a consequence, these persons are not bound by the terms of the Stipulation and this Order and Final Judgment.

7. In granting final certification of the Class, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the proposed settlement Class Representatives are typical of the claims of the Class; (d) the proposed Class Representatives and Plaintiffs' Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

8. The Stipulation and the Settlement are approved as fair, reasonable, and adequate, and in the best interests of the Class, and the Class Members and the parties to the Stipulation are directed to implement the Stipulation in accordance with its terms and provisions.

9. The complaints filed in the Action are hereby dismissed with prejudice and without costs, except as provided in the Stipulation.

10. ~~The Court finds that the complaints filed in the Action were filed on a good faith basis in accordance with Rule 11 of the Federal Rules of Civil Procedure and any similar rule or statue. The Court further finds that during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.~~ [Handwritten replacement:] Based upon the Court filings, and the conduct of the parties and their counsel, nothing has come to the attention of the Court to indicate that any of the parties or their counsel have acted in a manner that is inconsistent with Rule 11 of the Federal Rules of Civil Procedure.

11. The Notice was disseminated and published in accordance with the Order for Preliminary Approval of Settlement, Notice, and Hearing. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted the best notice practicable

4

under the circumstances, and constituted due and sufficient notice to all Class Members entitled thereto.

12. Neither this Order and Final Judgment, the Stipulation, the Supplemental Agreement, nor any negotiations or proceedings connected thereto, nor any of the documents, provisions, or statements referred to therein: (a) is, or shall be deemed to be, or shall be used as an admission of any Released Party, or any other person of the validity of any Released Claims, or any wrongdoing by or liability of any Released Party; (b) is, or shall be deemed to be, or shall be used as an admission of any fault or omission of any Released Party in any statement, release, or written documents issued, filed, or made; (c) shall be offered or received in evidence against any Released Party in any civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal other than such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement set forth therein, the releases provided pursuant thereto, and/or this Order and Final Judgment, except that the Stipulation may be filed by any Released Party in this Action or in any subsequent action brought against any of the Released Parties in order to support a defense or counterclaim of any Released Party of *res judicata*, collateral estoppel, release, good faith settlement, or any theory of claim or issue preclusion or similar defense or counterclaim, including, without limitation, specific performance of the Settlement embodied in the Stipulation as injunctive relief; (d) shall be construed against the Released Parties, Plaintiffs, and Class Members as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and (e) shall be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs and Class Members, or any of them, that any of their claims are without merit or that damages recoverable in the Action would not have exceeded the amount of the Settlement Fund.

13. The releases set forth in the Stipulation (the "Releases"), together with the definitions contained in the Stipulation relating thereto, are expressly incorporated herein in all

respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Upon the Effective Date of this Settlement, Plaintiffs and all the other Class Members on behalf of themselves, their personal representatives, heirs, executors, administrators, trustees, predecessors, successors and assigns, with respect to each and every Released Claim, release and forever discharge, and are forever enjoined from prosecuting, any Released Claims against any of the Released Parties, and shall not institute, continue, maintain or assert, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any Released Party or any other person who may claim any form of contribution or indemnity from any Released Party in respect of any Released Claim or any matter related thereto, at any time on or after the Effective Date.

(b) Upon the Effective Date of this Settlement, Defendants, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, release and forever discharge each and every of the Released Defendants' Claims, and are forever enjoined from prosecuting the Released Defendants' Claims against Plaintiffs, all other Class Members, and their respective counsel.

14. The terms of the Stipulation and of this Order and Final Judgment shall be forever binding on Defendants, Plaintiffs, and all other Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Amount), as well as their respective heirs, executors, administrators, predecessors, successors, and assigns.

15. The Escrow Agents shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation. No Released Party, shall have any liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Amount. Plaintiffs' Counsel, Plaintiffs, the Escrow Agents, and the Claims Administrator shall have no liability to any Class Member with respect to any aspect of the

administration of the Settlement Fund, including, but not limited to, the processing of Proof of Claim forms and the distribution of the Net Settlement Amount to Class Members.

16. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions. Any further orders or proceedings solely regarding the Plan of Allocation shall in no way disturb or affect this Order and Final Judgment and shall be separate and apart from it.

17. Plaintiffs' Counsel are hereby awarded __25__ % of the Settlement Fund in attorneys' fees, which sum the Court finds to be fair and reasonable, and $__38,540.89__ in reimbursement of expenses, which shall be paid to Plaintiffs' Counsel from the Settlement Fund with interest at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Action. The Court further approves the service award of $__5,000__ for Kousa, $__2,500__ for Mallano, and $__2,500__ for Steinmetz to be paid from Plaintiffs' Counsels' fee and expense award in recognition of Plaintiffs' participation and effort in the prosecution of the Action.

18. In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:

(a) The Settlement has created a fund of $1,150,000 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, acceptable Claim Forms will benefit from the Settlement created by Plaintiffs' Counsel.

(b) Over 25,000 copies of the Notice was disseminated to Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in the amount of 25% of the Settlement Fund and for reimbursement of expenses in an amount not to exceed $40,000 and __No__ objections were filed against the Fee and Expenses Application filed by Plaintiffs' Counsel contained in the Notice;

(c) Plaintiffs' Counsel have litigated the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d) The Action involves complex factual and legal issues and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Plaintiffs' Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from the Defendants;

(f) Plaintiffs' Counsel have devoted over 1,900 hours, with a lodestar value of $1,005,039.25, to achieve the Settlement; and

(g) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund is fair, reasonable and consistent with fee and expense awards in similar cases.

19. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Plaintiffs' Counsel from the Gross Settlement Fund immediately after the date this Order and Final Judgment is executed subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

20. This Court hereby retains exclusive jurisdiction over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Settlement Class.

21. In the event the Effective Date does not occur, then this Order and Final Judgment shall be rendered null and void and shall be vacated and, in such event, the Stipulation, and all orders entered and releases delivered in connection herewith, shall be null and void.

22. Without further approval from the Court, the parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order and Final Judgment; and (b) do not materially limit the rights of Class Members in connection with

8

the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

IT IS SO ORDERED.

Dated: _____June 2_____, 2016     _____
                                   Honorable Richard G. Andrews
                                   United States District Judge